UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEPHEN TAYLOR STAGE | CIVIL ACTION |
| VERSUS | NO.  05-4064 |
| MARLIN GUSMAN, ET AL | SECTION "F"(4) |

REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**.  Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

I.      Factual Summary

According to Stage's complaint, during his incarceration in Orleans Parish Prison, he began suffering from debilitating headaches and shortness of breath.  He contends that he was eventually diagnosed with vascular/cluster migraines.  He contends that he was given some medication that reduced the pain of his headaches, but because of his shortness of breathe, he was forced to file an emergency grievance.  His grievance stated that he was a non-smoker and needed to be moved to a non-smoking tier.  He indicates that his grievance was returned and he was told to "see medical." He also complains of the substandard conditions of OPP.  He seeks monetary damages.

II.    **Procedural Background**

On November 7, 2006, Stage notified the Court that he had been released from custody and resided at a new address in Baton Rouge. (*See* Rec. Doc. No. 29). This address was entered into the record. On November 28, 2006, this Court issued a Scheduling Order setting a conference before this Court on January 8, 2007. (*See* Rec. Doc. No. 30). Stage failed to appear. At some point prior to the hearing, Stage provided a phone number to the defendant's counsel. When the Court called the number, the Court was advised that Stage was no longer there. (*See* Rec. Doc. No. 31).

On January 22, 2007, the Court ordered that Stage provide in writing to the Court a telephone number where he may be reached no later than ten days from the signing of the order. The Order also stated that failure to comply could result in dismissal. On February 5, 2007, the Order was returned. (See Rec. Doc. No. 32). A handwritten notation on the envelope states "moved" and "return to sender."

III.   **Analysis**

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. *See* Fed. R. Civ. P 41(b). A Rule 41(b) dismissal is considered an adjudication on the merits. *Id.* In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See e.g. Silas v. Sears, Roebuck & Co.*, 586 F.2d 382 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976). In this case, the plaintiff is without counsel and is responsible for the prosecution of his case.

The Clerk of Court sent copies of the Court's Orders to Stage at the only address provided to the Court. Stage was made aware of his obligation to keep the Court informed of his whereabouts as reflected on page nineteen of his complaint where he signed the Plaintiff's Declaration on August 10, 2005. The Local Rules of this Court also require that a plaintiff provide the Court with a current address or face dismissal of the case. *See* L.R. 41.3.1E. Stage has not notified the Court of an appropriate address or any means of contacting him since he provided an address on November 7, 2006. Accordingly, dismissal of Stage's § 1983 complaint is proper under Fed. R. Civ. P. 41(b) for his failure to prosecute this case.

## IV.     Recommendation

It is therefore **RECOMMENDED** that Stage's Title 42 U.S.C. § 1983 complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute under Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this _____24th_____ day of _____April_____, 2007.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

3